### MADDEN *VS* BLYTHE.

1. It is too late to raise an objection, that certain counts were not properly inserted in a declaration, after pleading to issue.

2. Where evidence is given, applicable to one count of a declaration, though not applicable to another, a refusal to instruct the jury, as in case of non-suit, is no error.

3. Where the facts, proved by the plaintiff on the trial of a case, are admitted, and the correctness of the charge of the court, the facts being admitted, is not controverted,—the defendant cannot be allowed afterwards to allege, that the charge of the court determined the facts, and by that means withheld them from the consideration of the jury.

Error to the Circuit court of Talladega county.

Assumpsit on the verbal acceptance of a written order for money.

The declaration contained a special count on the order, and the common money counts. Plea, the general issue, and a verdict for plaintiff.

The bill of exceptions stated, that on the trial of the case, plaintiff offered in evidence a writing, of which the following is a copy, to wit:

"Mr. Z. Madden—Dear Sir: You will please settle five hundred dollars with Mr. Stephenson, it being the amount received of him on your bills. A balance of fifty-five dollars, you will please remit soon, as we are in great need. 17th September, 1835.

           "J. & S. Christian,
           "J. G. Revis."

Madden *vs.* Blythe.

A witness was introduced on the part of plaintiff, who testified that at the instance of Christian and Revis, he presented the paper, of which the above is a copy, to defendant, Madden, who stated that he owed the plaintiff that amount, but that the plaintiff owed him, said Madden, a store account, and that he owed the plaintiff for clerk hire. The witness further stated, that the plaintiff and the defendant were not upon speaking terms, and were very inimical to one another: that there was an account to settle between them, and that the plaintiff died, without the parties ever having had a settlement—which was all the testimony introduced.

Upon this testimony, the defendant moved the court to instruct the jury as in case of a non-suit, which motion was by the court overruled,—whereupon, the court instructed and charged the jury, that as the defendant had acknowledged he was indebted to Stephenson, and the counsel for the plaintiff, having stated that the store account of the said Stephenson with the said Madden, amounted to something over fifty dollars, which they were willing to allow, the defendant was entitled to recover. The charge and opinion of the court were excepted to.

Plaintiff in error assigned, that the court erred—

1. In overruling the motion of the defendant below, for a non-suit, because there was clearly not sufficient evidence to support the first count in the declaration, and the second count was a nullity.

2. The court erred in giving the instruction to the jury, because it was unconditional and peremptory :—the amount of Stephenson's debt to Madden, was assumed

without proof:—and the court determined the question of fact, whether the defendant owed the plaintiff any thing.

3. The court erred in giving the charge to the jury, as specified in the bill of exceptions.

*Brown,* for the plaintiff in error.
*Peck & Clark,* contra.

GOLDTHWAITE, J.—There is no error in the refusal of the court below to instruct the jury, as in case of nonsuit; for, admitting the evidence was insufficient to establish the acceptance of the order declared on, specially; yet it was proper to be received on the money counts, and the party is too late, after pleading to issue, with the objection, that these counts were not properly inserted in the declaration. If such was the case, we should be compelled, continually, to decide in this court, all the questions which arise when there is a variance between the writ and declaration.

We do not wish to be understood as admitting, that it is irregular to file the money counts, when the action is brought on a written instrument, and that alone is endorsed on the writ. That question need not be decided, until it is presented for adjudication.

But it is insisted, that the charge of the Circuit court determined the facts of the case, and withdrew them from the consideration of the jury. We cannot arrive at this conclusion, from the statement in the bill of exceptions. It frequently happens, in practice, that counsel and parties admit, or do not question, the facts in evidence,

Madden *vs.* Blythe.

but request the instruction of the court, on the law arising from them, as if they were assumed to be true. In this case, it is evidently so, for on no other reason could the request have been made to non-suit the plaintiff. It was as much as to say, the facts in evidence are admitted, but they constitute no legal cause of action.

This view of the case is sustained by the whole bill. All the evidence is stated, and no question is made either as to its admissibility or truth. To permit the party now to allege that the charge was given, not on the law, but the facts of the case, would be productive of no beneficial results. The correctness of the charge, admitting the facts to be true, is not controverted, nor indeed could it be, as no issue was made by the pleadings, under which a set-off could be given in evidence without notice, and the allowance of it by the plaintiff, was a favor accorded to the defendant, and was not a right which he could insist on.

The judgment must be affirmed.

COLLIER, C. J.—With all deference, I am constrained to dissent from the opinion pronounced by his Honor, Judge Goldthwaite.

The Circuit judge, in his charge to the jury, employs this language: " That *as* the defendant had acknowledged he was indebted to the said Stephenson, and the counsel for the plaintiff, having stated that the store account of the said Stephenson with the said Madden, amounted to something over fifty dollars, which they were willing to allow that the plaintiff was entitled to recover," &c. The defendant's acknowledgment was

Madden *vs.* Blythe.

not made by him personally in court, but was proved by a witness who gave evidence on the trial.

Now, it seems to me, that the judge assumed every fact embraced in his charge, as conclusively shewn, without leaving it to the jury to make their own inference, from the testimony they had heard. And though from the facts set forth in the bill of exceptions, the jury would doubtless have attained the same conclusion as was expressed by the Circuit judge,—I yet think his charge obnoxious to the law, which declares that "The judges of the Superior and Inferior courts shall not charge juries with respect to the matters of fact, but may state the testimony, and declare the law"—(Aik. Dig. s. 134, pp. 283.)